## F. E. Curtis, Adm'r, v. Albert Hollenbeck.

1. USE AND OCCUPATION—*Presumptions from the Occupancy of Lands.*—The law is well settled that where one occupies the land of another, without any agreement, and where it is not shown that he is a trespasser, or the relation is other than landlord and tenant, it will be presumed that such occupation is as tenant; but there is no such implication if the facts are explainable in some other way, or are shown to be inconsistent with such relation.

2. LIFE ESTATE—*What Amounts to a Surrender of the Estate.*— Where a tenant for life is in possession and an actual and continued change of possession occurs by mutual consent, such change amounts to a surrender of the life estate.

**Action for Use and Occupation.**—Appeal from the Circuit Court of Grundy County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

N. E. Coles and W. H. Stead, attorneys for appellant.

C. Reardon and Samuel Richolson, attorneys for appellee.

Mr. Justice Crabtree delivered the opinion of the court.

This was an action of assumpsit, brought by the administrator of the estate of William H. Curtis, deceased, to recover for the use and occupation of certain lands described in the bill of particulars. The declaration was in the usual form, for use and occupation, and also the common counts. There was a bill of particulars in which the only claim made is for the use and occupation of the lands therein described. The defendant filed pleas of the general issue, the statute of limitations, set-off, release, and accord and satisfaction.

The cause was tried by a jury, and at the close of the plaintiff's evidence the court sustained the defendant's motion to exclude the evidence and direct a verdict for the defendant, which was done and a verdict returned accordingly. A motion for new trial was overruled and judgment entered on the verdict, and the plaintiff appeals to this court.

It appears from the evidence that on March 3, 1891, William H. Curtis and wife, Jane Curtis, deeded to appellee certain lands, including the 190 acres here in controversy, reserving the possession, use, rents and profits to the grantors and the survivor of them for their lives and the life of the survivor of them. Jane Curtis was the mother of appellee and William H. Curtis was his step-father. Mrs. Curtis died either on the day of the execution of the deed or the following day. William H. Curtis died September 23, 1897. Commencing in the year 1893, appellee lived on a part of this 190 acres and the intestate lived with him, but appellant rented the other portions of the 190 acres to third parties, from whom he collected the rents. A year or so afterward appellee removed from the premises and rented all of the 190 acres to various tenants, some of them under

written lease, and collected all the rent.   Charles H. Davis rented the eighty acres constituting the home place, and Mr. Curtis lived with him as a member of the family, and for his, Curtis', board and care, appellee allowed Davis $200 per year out of the rent to be paid by the latter.   Davis, it seems, was a relative of appellee by marriage.   The evidence clearly shows that appellee rented the lands to the various tenants in his own name, and as claiming the right so to do, and so collected the rents, and the evidence also fairly shows that Mr. Curtis well knew that appellee was so renting the lands and collecting the rents, and it does not appear in any way that Curtis ever objected to or questioned the right of appellee to pursue the course followed by him in renting the lands and collecting the rents.

Under the facts and circumstances appearing in the evidence, we are of opinion no grounds were shown for the maintenance of this suit for use and occupation.   The law is well settled that where one occupies the land of another, without any agreement, and where it is not shown he is a trespasser, or that the relation is other than landlord and tenant, it will be presumed the occupation is as tenant; but there is no such implication if the facts are explainable in some other way, or are shown to be inconsistent with such relation.   Here, Curtis was the owner of a life estate, while appellee owned the reversion in fee.   Curtis had the right to retain the possession, use, rents and profits, if he saw fit, but he had also the right to surrender them to appellee if he chose.   There was an actual change in the possession of the premises from Curtis to appellee about the year 1893, and that was continued to the death of Curtis.

All the circumstances appearing in the evidence tend to show that this was by mutual consent, because Curtis never objected to or questioned it.   An actual and continued change of possession by mutual consent of the parties amounts to a surrender of the life estate.   (Taylor's Landlord and Tenant, Sec. 515.   See, also, Dills v. Stobie, 81 Ill. 202.)

The facts that Curtis never claimed or demanded rent

Curtis v. Hollenbeck.

from appellee, but accepted a provision made for his support and paid by appellee, and that Curtis acquiesced in appellee's collection and retention of the rents, are very far from establishing the relation of landlord and tenant, nor do they show that within the contemplation and intention of the parties appellee was to be liable to Curtis for the rents collected or for the use and occupation of the premises. The facts, on the contrary, tend to show that the parties were acting under some very different arrangement from that contemplated at the time the deed was made with the reservation specified. It seems to us the legitimate inference to be drawn is that Curtis had surrendered the life term and that appellee had agreed to support him in consideration thereof. Having made a gift of the fee in the land to appellee in the first place, reserving for the support of himself and wife the right to the rents and profits thereof, and the conditions having changed in consequence of the wife's death, whereby the expenses of support must have been largely reduced, it is not unreasonable, in view of all the evidence, to infer that he also surrendered his right to the rents and profits reserved in the deed. There were other lands included in the deed, the life term in which does not appear to have been surrendered. It is probable that the rents for those lands, added to the $200 allowed by appellee for the support and care of Curtis, furnished the latter all he thought he needed for his support and maintenance, otherwise he would no doubt have made some objection to the collection and retention by appellee of the rents for the 190 acres.

The claim of plaintiff below was, by the bill of particulars, based entirely upon an alleged right to recover for use and occupation, and in our opinion this claim was not sustained by the proofs. If upon any other ground a right of recovery was claimed, it should have been declared for and proven; but this was not done; and we think the court was justified in directing a verdict for the defendant and rendering judgment accordingly. The judgment will be affirmed.